IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ODIS LEE RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 99-RRA-0159-J |
| | ) |
| INTERNATIONAL BROTHERHOOD OF | ) |
| ELECTRIC WORKERS, SYSTEMS | ) |
| COUNSEL U-19, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the court is the defendant's motion for summary judgment. The plaintiff's employment with the Alabama Power Company was terminated for having failed a drug test for the second time within a year. The plaintiff brings suit against his union. The plaintiff denies that he had used marijuana. The complaint states that the plaintiff was voluntarily re-tested, and that the results of that test were negative.[1] The complaint alleges that "witness names and addresses and medical reports were provided to the defendants by plaintiff to support his position that would have prevented his termination by the company," but none of this was used at the termination hearing. *Amended Complaint*, ¶7. The complaint further states that the arbitrator denied the plaintiff's grievance on September 29, 1997, but the

---

[1]The plaintiff also states that when he tested positive the first time, the company who performed the testing had recently been sued due to its employees having tampered with samples. However, the plaintiff did not grieve that test result or his resulting punishment.

defendant union did not report that decision to the plaintiff until December 16, 1997, too late for the plaintiff to appeal within ten days. The complaint also states that there were (unspecified) procedural irregularities. The defendant's summary judgment motion seeks dismissal of the plaintiff's claims based on the statute of limitations and the merits.

Statute of Limitations

Although the complaint asserts breach of contract and negligence, the plaintiff's cause of action is that his union breached its duty to represent him fairly during the grievance process. *See DelCostello v. International Brotherhood of Teamsters*, 462 U. S. 151 (1983). The National Labor Relations Act's six-month statute of limitations applies where an employee alleges that his union failed to perform its duty of fair representation. *Id.* In *DelCostello*, as in this case, the plaintiff claimed that his union violated its duty of fair representation in its handling of his claims during arbitration.

According to his own testimony, the plaintiff was told of the arbitrator's negative decision on December 15, 1997, and received a copy of the decision the next day, December 16, 1997.[2] Thus, this action was filed slightly more than thirteen months after the plaintiff knew of the facts giving rise to this purported cause of action.

---

[2] The fact that the defendant, at one place in its memorandum, stated that the plaintiff received the written decision on *January* 16, 1997, a date *before the arbitration hearing*, does not, as the plaintiff contends, create a factual dispute. Stating the date as January 16 date was obviously an error; the defendant states in its undisputed facts section of its memorandum that the plaintiff received written notification on *December* 16. It is uncontroverted that the plaintiff had the written notification in his hand on December 16, 1997.

The Merits

If the merits of this action could be reached, the claim that the plaintiff's union breached its duty of fair representation apparently is based on the plaintiff's contention that he did not use marijuana. Exactly what he wanted the defendant to show, however, is unclear. The arbitrator's decision, *Defendant's Exhibit 3*, states the technical challenges to the testing procedure raised by the defendant. Also, the arbitrator was aware of the fact that the plaintiff's own drug test was negative, as he noted that the plaintiff was notified "on the eighth day after the specimen was taken, but waited two more days before getting his own urine test." *Id.* at 6. If the defendant breached its duty of fair representation, the plaintiff has not pointed to *specific* material information that, if presented to the arbitrator, was likely to have caused a different result.[3]

Decision

It is concluded that this action is time-barred, and, alternatively, that the plaintiff's claim is without merit. Wherefore, the defendant's motion for summary judgment is due to be granted. An appropriate order will be entered.

DONE this 29th day of June, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

---

[3] It is the plaintiff's duty to apprise the court of the existence of evidence that will defeat a motion for summary judgment. *See Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986).